UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCEL KING CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00530-MTS |
| ) | |
| LIEUTENANT THOMPSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of *pro se* Plaintiff Vincel King Chambers's Application to Proceed in District Court without Prepayment of Fees and Costs, Doc. [2], and his Motion to Appoint Counsel, Doc. [3]. With respect to the former, Plaintiff has not submitted a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his Complaint, which is required of him when seeking *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(2). For this reason, the Court will deny his Application without prejudice. *See Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (per curiam) (finding no abuse of discretion for denial where plaintiff "did not submit a certified copy of an inmate trust fund account statement along with his motion"). The Court will require Plaintiff to file a new application supported by a <u>certified</u> copy of his account statement, or prepay the $405 filing fee in full, no later than **Thursday**, **February 19, 2026**. The Court warns Plaintiff that his statements on the application are made under

penalty of perjury.* If Plaintiff chooses to file another application, Plaintiff must do so carefully and truthfully answer each question in its entirety. Failure to abide by any of the above requirements will result in dismissal of this action without prejudice.

In addition, the Court will deny Plaintiff's Motion to Appoint Counsel at this time. In this civil matter, Plaintiff "has no statutory or constitutional right to have counsel appointed" for him. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel, courts consider several factors such as "the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Id.* Here, there is no complexity because Plaintiff's § 1983 claims arise out of events he witnessed and experienced. Further, a review of Plaintiff's Complaint shows that he is able to adequately present his claims. Therefore, at this early juncture, Plaintiff has "not established that appointed counsel is appropriate at this stage in this case." *Yelton v. Warren,* 4:25-cv-01071-MTS, 2025 WL 2322683, at *1 (E.D. Mo. Aug. 12, 2025). Should this case proceed, the Court will entertain future motions to appoint counsel, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Vincel King Chambers's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [2], is **DENIED** without prejudice.

---

* *See* 28 U.S.C. § 1621 (punishing perjury with a fine and imprisonment of up to five years).

**IT IS FURTHER ORDERED** that, no later than <u>**Thursday**</u>, <u>**February 19, 2026**</u>, Plaintiff Vincel King Chambers shall prepay the filing fee in full or carefully complete and file a new application to proceed in district court without prepaying fees or costs along with a certified copy of his inmate account statement.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** without prejudice.

**Failure to comply with this Order will result in the dismissal of this action without prejudice.**

Dated this 22nd day of January 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE